```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

   ROBIN BARTHOLOMEW                          CIVIL ACTION

   VERSUS                                     NO: 06-11139

   GREAT ATLANTIC & PACIFIC                   SECTION: "J" (3)
   TEA COMPANY, INC., ET AL.
```

**ORDER AND REASONS**

Before the Court is Plaintiffs' Motion to Remand. (Doc. 2.) The motion is opposed. For the following reasons the Court finds that the motion should be GRANTED.

**BACKGROUND**

Plaintiff slipped and fell in a Sav-A-Center supermarket. She sued the store's owner and the store manager on August 25, 2005. Neither the petition, nor Plaintiff's responses to discovery gave any indication that her claim was worth $75,000. On December 11, 2006, Defendants deposed Plaintiff and learned that she was contemplating arthroscopic surgery. This was the first indication that Plaintiff may be claiming more than the jurisdictional amount under 28 U.S.C. § 1332. On December 18, 2006 Defendants filed a notice of removal in this court, based on

diversity, claiming that the amount in controversy exceeds $75,000 and that the store manager is improperly joined.

## DISCUSSION

Title 28 U.S.C. § 1446(b) dictates that a case cannot be removed from state court based upon diversity more than one year after it is commenced. In Louisiana, an action "is commenced by the filing of a pleading presenting a demand to a court of competent jurisdiction." La. Code Civ. P. art. 421. There is an equitable exception to this one year removal period recognized in the Fifth Circuit when the plaintiff has clearly engaged in forum manipulation. *See Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003). The exception is applied rarely, however, in the face of the general rule that removal jurisdiction is strictly construed. *See Monk v. Werhane Enter., Ltd.*, 2006 WL 3918395 (E.D. La. 2006) (Africk, J.). Here, as in *Monk*, plaintiff's conduct does not rise to the level of manipulation warranting equitable relief in *Tedford*, if it was manipulation at all.

## CONCLUSION

The notice of removal was filed more than one year after August 25, 2005 and is untimely.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Remand (Doc. 2) is **GRANTED**; the above-captioned action is hereby **REMANDED** to the

court from which it was removed.

**IT IS FURTHER ORDERED** that oral argument scheduled for Wednesday, April 4, 2007 is **CANCELLED**.

New Orleans, Louisiana this the 3rd day of April, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE